Rockingham,
No. 5745.

STEPHEN JOHN ARCHIE

*v.*

PIAGGIO & COMPANY.

Argued June 4, 1968.
Decided August 23, 1968.

*Griffin, Harrington, Brigham & Taylor* ( *Mr. Alvin E. Taylor* orally ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross* ( *Mr. Gross* orally ), for the defendant.

GRIFFITH, J. On December 7, 1966 the plaintiff in this case brought action against the defendant in this case by service on the Secretary of State of New Hampshire. A copy of the writ was mailed in accordance with RSA 300:14, 15 to the defendant company in Italy.

The declaration in the writ in the December action alleged that the plaintiff was the owner of a Vespa motor scooter, the tire rim of which shattered and injured the plaintiff on July 20, 1964. The declaration went on to allege that the defendant was an Italian corporation manufacturing Vespa motor scooters and that they negligently manufactured the tire rim.

The defendant on January 24, 1967 appeared specially and filed a motion to dismiss for want of jurisdiction. On June 19, 1967 the Court ( *Dunfey,* J. ) granted the motion to dismiss on the ground that the plaintiff failed to produce any evidence of jurisdiction at the hearing. Plaintiff excepted to this order and moved for a rehearing stating that they did not need to produce evidence, they thought the Court would not wish to hear evidence and asking they be allowed to introduce evidence. This motion was denied June 29, 1967 and plaintiff's exception noted. Plaintiff's exceptions were waived on July 27, 1967 and judgment was entered for the defendant.

The plaintiff brought the writ, which is the subject of the present transfer on July 27, 1967 the day that judgment was rendered against him in the previous case. Service on the defendant was made as in the prior case and the allegations were factually the same as in the first writ. Again the defendant appeared specially and moved to dismiss alleging as an additional ground the judgment in the December action.

On November 30, 1967 defendant's motion to dismiss was granted after hearing. The reserved case indicates that the plaintiff failed to present any evidence at the hearing on the motion and that the matter of jurisdiction had previously been adjudicated between the parties in an identical cause of action. Plaintiff's exception was reserved and transferred by *Loughlin*, J.

Defendant argues first that the judgment for the defendant in the December action bars the present action. It appears that the plaintiff by failing to transfer his exception waived his exception to the adverse ruling on jurisdiction in the first action and allowed the case to go to judgment. The present action containing the same allegations as the first was brought on the day that judgment was entered against the plaintiff. The issue sought to be relitigated was the exact issue determined in the previous case. It is in the "interest of parties and the public that there be an end to litigation." *Burleigh* v. *Leun,* 83 N. H. 115, 120. Parties are therefore directly estopped to relitigate matters actually litigated or admitted by the pleadings in a former suit. *Guay* v. *Association,* 85 N. H. 344, 348; *Ainsworth* v. *Claremont,* 108 N. H. 55.

The plaintiff is not necessarily barred from litigating his tort claim if he can obtain jurisdiction in another forum but he may not do so here against this defendant. Restatement, Judgments, s. 49, *comment* b; *Laconia Nat. Bank* v. *Lavallee,* 96 N. H. 353.

*Exception overruled.*

All concurred.