485 P.2d 855

**Harold F. SCHANEMAN, Appellant,**

**v.**

**Mary Esther DICKERSON, formerly known as Mary Esther Schaneman, and Robert A. Chard, Appellees.**

**No. 1 CA–CIV 1391.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 17, 1971.

Rehearing Denied Sept. 10, 1971.

Review Denied Oct. 19, 1971.

Robert C. Forquer, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Jay M. Martinez, Phoenix, for appellees.

STEVENS, Presiding Judge.

This is an appeal from a judgment entered in Maricopa County Superior Court Cause No. C–213878 wherein the appellant Harold F. Schaneman was the plaintiff and the appellees Mary Esther Dickerson and Robert A. Chard were the defendants. Harold F. Schaneman and Mary Esther Dickerson were formerly husband and wife and for convenience they will herein be referred to as "the husband" and "the wife", although they were divorced prior to the filing of the instant case. The decree of divorce restored the wife's former name of Dickerson to her. The appellee Chard was the wife's attorney in the divorce case. The wife secured a decree of divorce containing a money judgment and a lien on the husband's property. Thereafter she foreclosed the lien in a separate action and received a sheriff's deed. The instant case is yet another suit wherein the husband sought to void the sheriff's deed and restore title to himself.

## THIS COURT'S JURISDICTION

The formal written judgment in favor of the defendants was filed on 16 December 1969. There was a timely motion for new trial. The motion was denied by a minute entry order dated 26 January 1970. The order denying the motion for new trial was not reduced to a formal written order. See Rules 54(a) and 58(a) of the Rules of Civil Procedure, 16 A.R.S. The notice of appeal was filed on 11 March 1970 and we quote the notice.

"COMES NOW THE Plaintiff, by and through his attorney, Robert C. Forquer, and appeals from the orders and Judgment of the Court in the above entitled cause entered on or about the 26th day of January 1970, and from any and all rulings of the Court made in this matter prior to the date of the Judgment."

The designation of the record on appeal included the December 1969 formal written judgment. The parties have not raised an issue as to the jurisdiction of this Court. Apparently no appellee was injured or misled by the notice of appeal. Applying the liberal construction which the Arizona Supreme Court applied to the notice of appeal in the case of Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95 (1967), we have proceeded with the appeal on its merits as an appeal from the December 1969 formal written judgment.

## FACTUAL BACKGROUND

It has been difficult to marshall all of the various dates and the various phases of the instant litigation and the background thereof. It is obvious from the record before us that there were several Superior Court files before the trial judge at the trial of the instant case and the trial court, the witnesses, and counsel were apparently aware of those portions of the several court files before the trial court to which reference was made during the presentation of the testimony at the trial. These files are notable in this Court by their absence.

The husband and the wife were joined in marriage in 1962. In June 1964 she filed a divorce action against the husband being cause #80141.

On 15 July 1964 and on 20 July 1964 the husband allegedly falsified records of delivery to two of his customers. See this Court's opinion in the case of Moore Drug Company v. Schaneman, 10 Ariz.App. 587, 461 P.2d 95, decided 17 November 1969.

On 21 July 1964 the husband was assaulted by a stranger and he received blows to his head. In the complaint filed in the instant case and in the evidence presented before the trial court, the husband urged that this event rendered him "physically and mentally incompetent to manage his own affairs or to understand fully the nature" of subsequent legal actions. The trial court was not asked to make findings of fact and conclusions of law and by its judgment, of necessity, the trial court found against the husband on this contention. From our examination of the record we agree.

Some time after the deliveries of 15 and 20 July 1964 the husband was charged with a felony (perhaps two counts, it is not clear in the record before us) the same bearing Maricopa County Superior Court criminal cause #45108. He was adjudged guilty and placed on probation conditioned that he seek some psychiatric help.

The Moore Drug Company and others sued the husband and the wife for $200,000 arising out of the 15 and 20 July deliveries and asserted earlier short deliveries. This action was filed on 6 October 1964 and was assigned Maricopa County Superior Court cause #166998. The plaintiffs therein recorded a *lis pendens* in the Office of the County Recorder. We are not called upon to determine the propriety of the recording of the *lis pendens*.

In the meantime and on 3 October 1966 the divorce case was resolved in favor of the wife, the decree of divorce having been filed on that date. In that cause the husband was represented by Attorney Deitz and the wife by Attorney Chard. The divorce is the first of three actions between the husband and the wife and is a vital link in the chain of events now before us. In the decree of divorce the wife was granted a money judgment for arrears due on *pendente lite* support in the sum of $925; for *pendente lite* attorney's fees not paid in the sum of $250; for additional attorney's fees in the sum of $1,000; and for $1,500 representing the settlement of all of the property rights of the parties. These sums

bore interest to the rate of 6% per annum from 27 September 1966. These were stipulated sums. The trial court imposed a lien on six described parcels of property in which the husband had or supposedly had an interest. Three of those parcels are the subject of the instant litigation. The wife was indebted to Attorney Chard for additional money in connection with the divorce over and above the amounts set forth in the divorce decree.

The husband tendered three checks, apparently written in late 1966, to Attorney Chard to apply on the money judgment. These checks totaled $45 and in January 1967 Attorney Chard returned them to the husband with a demand for payment in full with a reminder that if payment was not made steps would be taken to enforce the lien created by the decree of divorce. On 10 April 1967, in place of attempting to enforce the lien created by the divorce decree by the means of securing the issuance of an execution, the wife filed cause #199201 against the husband, seeking to foreclose the lien. In connection with this litigation Attorney Anderson was employed to handle the foreclosure by reason of his more extended experience in this field, although Attorney Chard signed the pleadings. The husband was served and he employed Attorney Kessler to represent him. The husband had other counsel in the criminal case and in the Moore Drug case. He retained yet other counsel in connection with the appeal to this Court.

Attorney Kessler filed an answer in the lien foreclosure action on 3 May 1967. He testified in the case now before us that he was employed by the husband in the foreclosure action to negotiate a payment schedule relative to the money judgment secured in the divorce action. Attorney Kessler further testified that the husband informed him that at that time he did not have the money with which to pay off the judgment. Attorney Kessler made an offer and on 5 May 1967 a counteroffer was made on behalf of the wife. She was willing to accept the sum of $1,000 in cash and

the balance at $100 per month together with interest. In the case now before us the husband testified that he was unable to raise the money.

In the lien foreclosure action the wife filed a motion for summary judgment. The husband was advised by his attorney and he was urged to take the steps necessary to pay the offered payment arrangements. The motion for summary judgment was granted, a judgment was entered foreclosing the lien and thereafter a special execution was issued. Attorney Kessler kept the husband fully informed in relation to these proceedings.

The three pieces of property in question were bid in for $2,500 plus the cost of the foreclosure action. The time to redeem expired and the sheriff's deed was issued to the wife on 1 April 1968. She was unable to manage the property and she deeded the property to Attorney Chard with the understanding that if anything was realized from the property both she and her attorney would be made whole and any profit would be divided.

In the meantime the husband prevailed in the Moore Drug case. That judgment was entered on 3 January 1968. There were timely post-judgment matters and a timely appeal resulting in this Court's opinion on 17 November 1969, a matter hereinbefore referred to. The Moore Drug *lis pendens* remained of record and was not discharged.

The property which was bid in at the time of the foreclosure sale was all subject to mortgages. Some of it was in a poor state of repair. One property had been owned by the husband in joint tenancy with his mother and stepfather. The value of the husband's interest in the property was problematical and not subject to a simple arithmetic computation. Attorney Chard attempted to sell one piece of property and was unable to furnish a marketable title.

Sometime between the issuance of the sheriff's deed and the 13th day of May, 1968, the husband's mother and stepfather borrowed $4,000 which the husband "ten-

dered" in full satisfaction of the divorce decree judgment and to secure a reconveyance of the interest in the real property which the husband had lost by the issuance of the sheriff's deed.

The instant case was filed on 15 July 1968 and a *lis pendens* was recorded. The case was tried to the court without a jury on 19 and 20 November 1969.

The complaint alleged fraud which the trial court found to be absent.

### THE EXECUTION

■ It was urged in the trial court and it is urged here that the special execution which was issued after the judgment of foreclosure is a "pleading subsequent to the original complaint" or a "written notice" which Rule 5(a) of the Rules of Civil Procedure requires to be served on opposing counsel. (It will be remembered that Attorney Kessler was fully informed as to the issuance of the execution and that he fully informed the husband.) There was no proof of service of a copy of the special execution in the foreclosure action upon Attorney Kessler. We do not agree that Rule 5(a) is applicable. Special executions are governed by our statutes and in the instant litigation there is no contention that the statutes were not fully complied with.

### AN UNCONSCIONABLE BID

■ It is urged that the bid at the sheriff's sale was unconscionably low in relation to the then value of the property. The value of the property was not a matter of simple arithmetic computation. There was the $200,000 Moore Drug notice of *lis pendens*. There were outstanding mortgages, at least one of which was delinquent. One of the properties was in need of considerable repair. One property was owned in joint tenancy by the husband and by his mother and stepfather. In Attorney Chard's opinion it was a gamble as to whether anything could be realized from the property as of the time of the sheriff's sale. The fact that the husband, during the pendency of the foreclosure action in 1967, was unable to mortgage his equity in

the property for enough to pay the money awarded in the divorce decree is an indication of value or the absence thereof. In addition, the condition of the titles to the three parcels would indicate to a knowledgeable buyer that the bidder was probably faced with additional litigation to place the titles in a marketable condition.

The husband urges that the case of Johnson v. Jefferson Standard Life Insurance Company, 5 Ariz.App. 587, 429 P.2d 474, (1967), is authority requiring a reversal of the instant case. We do not agree. There are many distinguishing features; the two which predominate are the fact of a second bid offer of eleven times the first bid offer, the second bid offer being made minutes after the sheriff accepted the first bid offer and a prompt petition to the trial court followed by action by the trial court setting aside the sheriff's sale. The Court of Appeals held the trial court did not abuse its discretion.

We are not presented with an unconscionable situation or a clear-cut situation evidencing a gross inadequacy of the sum bid at the sheriff's sale and we expressly refrain from expressing an opinion as to the discretion which the trial judge might have exercised had that situation been presented. We hold that under all the facts and circumstances in the instant case the husband is not entitled to set aside the sheriff's sale and the sheriff's deed.

### THE TENDER

■ The husband urges that the tender of the $4,000 shortly prior to 13 May 1968 was a valid tender requiring that the husband be restored to the property. We do not agree. This was over a year after the foreclosure action had been filed and sometime after the sheriff's deed had issued. There had been considerable expense in connection with the foreclosure action. Neither the wife nor Attorney Chard would have been made whole by the payment of the $4,000.

The judgment is affirmed.

CASE and DONOFRIO, JJ., concur.