547 P.2d 510

**Garold MARTIN and Fern Martin, husband and wife, Appellants,**

v.

**STATE of Arizona REAL ESTATE COMMISSION, Appellee.**

**No. I CA–CIV 2807.**

Court of Appeals of Arizona, Division 1.

April 1, 1976.

---

Richard L. Levin, Phoenix, for appellants.

Bruce E. Babbitt, Atty. Gen. by Howard T. Roberts, Jr., Asst. Atty. Gen., Phoenix, for appellee.

OPINION

KRUCKER, Judge.

Appellants obtained a judgment on November 20, 1973, against John T. Foley in the approximate sum of $51,000.00. Foley was a licensed contractor and a licensed real estate salesman. Appellants sought to recover a part of the judgment out of the Real Estate Recovery Fund under the provisions of A.R.S. § 32–2188 (Supp.1975). The Arizona Real Estate Commission contested the claim and pursuant to the provisions of A.R.S. § 32–2188(C), a hearing was held to determine whether recovery should be had against the Real Estate Recovery Fund. The lower court, having heard all of the evidence and arguments, denied appellants' application and judgment was entered May 4, 1974.

The questions presented to us on appeal are whether Foley was acting in the capacity of a licensed real estate salesman at the time of the transactions out of which this claim arose and whether the Real Estate Recovery Fund was liable for the acts of Foley.

The facts necessary to a determination of this appeal are briefly as follows. Appellants had purchased Lot 665 in Arizona City and made payments on it for approximately six years. Foley approached appellants and inquired if they would like to build a home on their lot. As Lot 665 was encumbered, appellants traded it for Lot 384, which was unencumbered. Nothing indicates that Foley had anything to do with the exchange of lots. Appellants obtained a construction loan of $20,000 from Southwest Savings and Loan and Foley began construction of the house. He withdrew approximately $17,000 of the loan funds, but never completed the house. After Foley abandoned the project, some $6,000 in liens were placed against appellants' property. The scanty record before us does not reveal what Foley did with the $17,000.00.

The Real Estate Recovery Fund is to protect the public from acts of real estate

licensees which violate the provisions of Ch. 20, Title 32, A.R.S., or the regulations thereunder. A.R.S. § 32–2186(A) provides, in part:

"The commissioner is authorized and directed to establish and maintain a real estate recovery fund from which any person . . . aggrieved by an act, representation, transaction or conduct of a duly licensed broker or salesman, which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, may recover by order of the superior court or justice court of the county where the violation occurred for only actual or compensatory damages . . . ."

A.R.S. § 32–2188(B) provides as follows:

"When any aggrieved person recovers a valid judgment in any court of competent jurisdiction against any broker or salesman, for any act, representation, transaction, or conduct which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto . . . the aggrieved person may . . . file a verified claim . . . ."

Appellants argue that because of a related agreement concerning the future sale of the property and because of the serious financial distress caused by Foley and the planned future sale of the house being built by Foley, the matter was within the purview of A.R.S. § 32–2188. They concede that there are no Arizona cases in point and cite some cases from other jurisdictions which we do not consider controlling.

There is nothing in the record to show that Foley violated the provisions of Ch. 20, Title 32, A.R.S., or the regulations thereunder. As far as we can discern, all Foley's acts were done as a contractor under his contractor's license. The trial court correctly denied recovery from the Real Estate Recovery Fund.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).