557 P.2d 187

**Harold MARTIN and Fern Martin, husband and wife, Appellants,**

v.

**R. H. ALTHOFF dba R. H. Althoff Agency and General Insurance Company of America, Appellees.**

**No. 1 CA–CIV 2973.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 26, 1976.

Richard L. Levin, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Hunsaker and Steven D. Smith, Phoenix, for appellees.

## OPINION

DONOFRIO, Presiding Judge.

This is an appeal from an order of dismissal with prejudice granted in favor of appellees R. H. Althoff Agency and General Insurance Company of America and against the Martins, appellants.

The facts necessary for a determination of this case are as follows: Appellants Martin are, and were at the time the actions took place, residents of Colorado. In July, 1966, they purchased a lot in Arizona City as an investment. In June, 1972, they were contacted by one John T. Foley with a proposition concerning the construction of a single family unit on their lot. The crux of the proposition was that (a) the appellants trade their present lot for another lot in Arizona City; (b) Foley would build a home on the newly acquired lot; and (c) Foley would then sell the home and lot. The agreement stipulated that if the sale did not produce $4,500 profit for the appellants Foley would then purchase the property himself at a price which would give the appellants a $3,000 profit.

Foley failed to abide by the agreement and the appellants instituted litigation against him which resulted in a default judgment against Foley in the amount of $51,490.00.

Appellees' connection to the case can be explained by the facts set out below.

From 1970 until late 1971 or early 1972, Foley was a real estate salesman for the Althoff agency (appellee). The affidavits in support of the motion to dismiss show that Foley terminated this relationship with Althoff at that time and left them. After leaving the Althoff agency Foley entered the construction business and had no further contact with the appellees. During his employment with appellees, Foley's license was held by appellees pursuant to the statutory requirement.

After Foley left the Althoff agency, Althoff continued to hold Foley's license and did not return it to the real estate commissioner pursuant to A.R.S. § 32–2128.

Appellants argue that appellees are liable for Foley's actions based on the following: First, a significant part of the transaction between Foley and appellants was governed and controlled by various sections of the Arizona Real Estate Act; second, Foley was acting as a real estate salesman under the brokerage of Althoff and not in his individual capacity, and finally, Althoff was Foley's principal and liable for his actions against the appellants.

Appellee General Insurance Company's liability is based on its status as Althoff's surety.

■ In order for the appellants to establish appellees' liability for Foley's actions they must first show that some portion of the transaction among themselves and Foley involved actions regulated by our statutes governing real estate transactions (Ch. 20, Title 32, A.R.S.), and that Foley was acting as Althoff's agent. If they cannot do so, their basis for attaching liability to appellee fails.

■ In this connection appellees argue that because. of a prior case deciding this same issue the appellants are estopped to raise it in this proceeding by virtue of the doctrine of collateral estoppel. The applicability of estoppel has been clearly set out in *Moore Drug Company v. Schaneman*, 10 Ariz.App. 587, 461 P.2d 95 (1969):

"Collateral estoppel issue preclusion by judgment is applicable where the issue or fact to be litigated was actually litigated

in a previous suit, a final judgment was entered, and the party *against* whom the doctrine is to be invoked had full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment. [Citations omitted]." (Emphasis theirs) 10 Ariz.App. at 589, 461 P.2d at 97.

The case in which the issue presented here is stated to have been previoulsy litigated and decided is *Martin v. State Real Estate Commission*, 26 Ariz.App. 239, 547 P.2d 510 (1976). In analyzing that case as it pertains to the instant case, we find that insofar as Foley's actions with the Martins are concerned the court was faced with the, same facts as are now before us. In addition, we find that the Martins were arguing the same point which they advance here, namely, that Foley was acting as a real estate salesman during the times of the transactions with the Martins. We also find that the critical question dealt with in the opinion was whether Foley, during his transactions with the Martins, was "acting in the capacity of a licensed real estate salesman."

On these issues the court held:

"There is nothing in the record to show that Foley violated the provisions of Ch. 20, Title 32, A.R.S., or the regulations thereunder. *As far as we can discern, all Foley's acts were done as a contractor under his contractor's license.* The trial court correctly denied recovery from the Real Estate Recovery Fund." (Emphasis supplied) 26 Ariz.App. at 547 P.2d at 512.

Were this Court in a position to say from the record and *Martin*, supra, that the issue of fact as to whether Foley acted as Althoff's salesman had been actually litigated, i. e., that the Martins had full opportunity to litigate it, then the doctrine of collateral estoppel would apply. In such a case we would have no difficulty in saying that the Martins would then be estopped in this action. *Moore Drug Com-*

*pany*, supra; *Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 408 P.2d 849 (1965).

However, since no mention is made of Althoff or A.R.S. § 32–2128 in *Martin*, supra, we are unable to say that the issues of this case have been litigated. Therefore, we must then pass upon the issues of this appeal, particularly, the critical issue as to whether the failure by the broker Althoff to return salesman Foley's license to the commission within ten days after he left the employ of the broker, renders the broker strictly liable for the wrongful acts of Foley.

▓ In determining the issues herein we are governed by the well-settled law that before a broker can be held liable for the acts of the salesman, the salesman must have been acting within the scope of the broker's employment.

▓ Bearing this in mind, we first dispose of the issue as to whether there is any agency relationship between the Althoffs and Foley. We have read the entire record, including the affidavits of the parties concerned, and the undisputed facts show that Althoff had no connection with the involved transaction and that no agency relationship has been shown. Our reading of the record shows, as was held in *Martin*, supra, that all of Foley's acts were done as a contractor under his contractor's license.

▓ We next turn to the question as to whether the failure to return the license as provided in A.R.S. § 32–2128 imposes absolute liability on the broker for the acts of its former salesman. In reading the provisions of the Real Estate Act, we are unable to find that the Legislature intended that the failure to return the license within ten days should result in absolute liability on the part of the broker.

The statute in effect at the time, A.R.S. § 32–2128 [1] provided:

"* * * A salesman's license shall remain in the possession of the employer

---

1. After the beginning of the events of this case A.R.S. § 32–2128 was amended to read:

"Any license issued under the provisions of this chapter shall authorize the licensee to

until cancelled or until the licensee leaves his employ, when it shall be returned to the commissioner by the broker for cancellation."

The statute quoted above, and its later amendment, is silent as to any penalty for the failure of a broker to return the salesman's license when the employment relationship is terminated. In our research we have not been able to find any statute in any of the other provisions of the real estate code which would hold a broker liable for the acts of his former salesmen simply because of the failure of the broker to return the license to the commissioner. The only possible sanctions we have been able to find dealing with the subject would come about under the various provisions of the statutes giving the commissioner grounds to deny, suspend or revoke a license for the violation of any of the provisions of the real estate code or of any of the rules and regulations of the commission. See A.R.S. § 32–2153.

 It is the rule of statutory construction that courts will not read into a statute something which is not within the express manifest intention of the Legislature as gathered from the statute itself, and similarly the court will not inflate, expand, stretch or extend the statute to matters not falling within its expressed provisions. *City of Phoenix v. Donofrio*, 99 Ariz. 130, 407 P.2d 91 (1965). In addition, general sanctions imposed by statutes are exclusive and no cause of action or liability should be implied absent language to that effect. Cf. *Ash v. Cort*, 350 F.Supp. 227 (D.C.1972); *Parker v. Lowery*, 446 S.W.2d 593 (Mo.1969).

In view of the foregoing, we would answer the second issue in the negative and hold that the broker's failure to return the licensee salesman's license after the termi-

nation of his employment with the broker does not per se impose civil liability on the broker so as to give the appellant herein a cause of action or claim for relief against the broker, and that the trial court did not err in granting dismissal of the complaint with prejudice.

Affirmed.

OGG, and WREN, JJ., concurring.

---

do business only at the location set forth therein. All licenses, whether of broker or salesman, shall be prominently displayed in the office of the broker. A salesman's license shall remain in the possession of the employer until cancelled or until the licensee

leaves his employ, when it shall be returned to the commissioner *within ten days by the broker for cancellation, and will become an inactive license unless activated during the license year.*" As amended Laws 1972, Ch. 110, § 16.