736 P.2d 805

**Sy TASH and Joy Tash, husband and wife, Plaintiffs/Appellants,**

v.

**Kraig SAUNDERS and Lorna Saunders, husband and wife, Defendants/Appellees.**

No. 2 CA–CIV 5880.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 15, 1987.

Reconsideration Denied Feb. 18, 1987.

Review Denied April 21, 1987.

John B. Marron, Phoenix, for plaintiffs/appellants.

F. Michael Carroll, P.C. by F. Michael Carroll and Edlyn A. Soderman, Phoenix, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

The court dismissed three counts of appellants' complaint which involved allegations that appellees wrongfully interfered with appellants' contractual relationship with a third party. The ruling apparently was based on a finding that the issue had been resolved in a previous lawsuit between the parties or that Arizona had no personal jurisdiction over appellees. We affirm.

Appellants Sy and Joy Tash own an art gallery in Scottsdale, Arizona. In June of 1982 they entered into two agreements with Stephen Reyes, an artist, which gave appellants the exclusive right to sell and distribute Reyes' art. Reyes is a resident of Albuquerque, New Mexico.

Appellees Kraig and Lorna Saunders are permanent residents of Lake City, Colorado. They are the principal shareholders of a Colorado corporation which does business as "The Glory Hole Art Gallery" in Lake City. In early 1981 appellees bought a Reyes painting from appellants while they were visiting Scottsdale. Thereafter appellees purchased Reyes' paintings and lithographs through appellants, and the art work was sent to Colorado either from Scottsdale or Albuquerque. Most of the sales were conducted by telephone or through the mails.

Prior to filing this lawsuit, the appellants sued Reyes and appellees in another action.

Reyes was sued for breach of contract, and appellees were sued in three counts of wrongfully inducing Reyes to breach his exclusive contract with appellants and wrongfully interfering with appellants' relationships with their customers. This earlier lawsuit was dismissed by Judge David Grounds on October 24, 1983, for lack of personal jurisdiction pursuant to Rule 12(b)(2), Rules of Civil Procedure, 16 A.R.S. Appellants did not appeal from that dismissal. The action against Reyes later resulted in a judgment in favor of appellants for Reyes' breach of contract.

This lawsuit was filed on December 5, 1983, and alleged four counts as follows: wrongful interference with the Reyes' contract; wrongful interference with the relationship between appellants and their customers; request for an injunction restraining appellees' conduct; and breach of contract (debt for art material).

The case was initially assigned to Judge Edmund Noyes, Jr. Appellees attempted to pay the debt alleged in count four by tendering the amount due by cashier's check to appellants' counsel, who refused it. Later appellees requested permission to tender the money into court to be distributed by the court. This request was not pursued and was denied by Judge Noyes. Appellees then filed a motion to have the litigation reassigned to Judge Grounds, which was granted over appellants' objection. After Judge Grounds had ruled on protective orders pertaining to discovery procedures and had granted continuances, appellants filed a notice of change of judge. Judge Grounds refused to honor the notice.

Appellees filed a motion to dismiss on the grounds that no personal jurisdiction had been obtained as to the first three counts because appellants failed to show sufficient "minimum contacts" to satisfy the constitutional requisites of due process and on the grounds of collateral estoppel because of the ruling in the prior lawsuit. Appellees also moved for judgment on the pleadings as to count four on the grounds that it was only a ploy to obtain jurisdiction on the other counts and because appellees had never denied the debt and had tendered payment in full.

Appellant Joy Tash's affidavit filed in this lawsuit in resistance to the motion to dismiss stated that appellees own two condominiums in Scottsdale and reside in one for part of the year. She stated that they have held promotional parties and have displayed art works of Stephen Reyes at the condominiums, that they have a Phoenix telephone and checking account and that they show the Scottsdale address and telephone on their business card. Appellants filed two other affidavits in this lawsuit, one of which stated that appellees conducted business in Scottsdale and the other of which stated facts in support of the contractual interference allegations. Appellees' affidavits denied many of the appellants' allegations.

The court granted the motion to dismiss counts one, two, and three and later granted appellants' motion for summary judgment as to count four. After memoranda were submitted on the issue of attorney's fees, the court granted the appellees judgment for attorney's fees on counts one, two and three in the amount of $11,570. Appellants were granted judgment for the debt owed plus attorney's fees of $80.

## CASE REASSIGNMENT

■ Appellants argue that the case should not have been reassigned to Judge Grounds because it differed from the earlier litigation. Maricopa County Local Rule 3.1, 17A A.R.S. (1986 Supp.), provides in part as follows:

> c. Similar Cases. Those cases involving the same specific subject matter and the same principles of law or the same parties shall be assigned or reassigned to the division which received the case filed first as shown by the time stamp thereon.
>
> d. Refiling. Cases refiled after dismissal may upon motion of either party be reassigned to the division to which the case was previously assigned.

We find no merit to appellants' argument. We find that the two lawsuits were virtually the same and that this is a classic situa-

tion for the proper application of this rule which promotes speedier dispositions and judicial economy.

### NOTICE OF CHANGE OF JUDGE

This case was reassigned to Judge Grounds on February 24, 1984. After setting and resetting various motions for hearing, Judge Grounds on May 3, 1984, heard oral arguments by counsel on five motions, three of which dealt with discovery, attorney's fees and protective orders. The last two motions were appellees' motions to dismiss. At that time the court made an order dealing with the first three motions, established a schedule for discovery and reset the hearing on the motions to dismiss for August 29, 1984. The notice of change of judge was filed on August 3 and was denied on August 20.

■ Rule 42(f)(1)(D) of the Rules of Civil Procedure, 16 A.R.S., provides, in pertinent part, that:

A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party agrees to the assignment or participates before that judge in:

(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits....

Prior to the time appellants filed the notice, Judge Grounds had heard argument on the motions to dismiss. The documents filed prior to the notice included affidavits of parties and other persons. In continuing the motions to dismiss and establishing the discovery schedule, the court observed that "additional discovery would assist this Court in making a determination on the jurisdiction question...." Because the proceedings fell under the provisions of Rule 42, we find no error in the court's refusal to honor the notice of change of judge.

### ISSUE PRECLUSION AND PERSONAL JURISDICTION

It is clear that when the first lawsuit was dismissed on October 24, 1983, for lack of jurisdiction, both parties had submitted affidavits and argued the issue of when a state can exercise jurisdiction over a nonresident defendant and whether or not that defendant has sufficient "minimum contacts" with the forum state so that maintenance of a suit does not offend traditional notions of fair play and substantial justice, in accordance with *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The determination as to whether the minimum contacts requirement is satisfied is determined by the facts and circumstances in each particular case. *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); see also *Northern Propane Gas Co. v. Kipps*, 127 Ariz. 522, 622 P.2d 469 (1980). Here the dismissal in the first lawsuit determined that issue, and no appeal was taken from that judgment.

■ We must then determine whether appellants, by filing a new action 42 days later, can relitigate the same issue previously decided against them. We hold they cannot. It is clear appellants submitted a greater amount of evidence on the issue in the second action. As stated in 46 Am. Jur.2d *Judgments* § 500, p. 656 (1969):

However, even though a judgment disposes of the action without a determination of the merits of the cause of action, it is nevertheless conclusive as to the issues or technical points actually decided therein, and this rule has been applied to a judgment based on want of jurisdiction, so as to render conclusive the prior court's determination of its lack of jurisdiction, as well as questions material to the issue of jurisdiction and actually decided by the judgment. Under this rule, a subsequent action by and against the same parties on the same cause in the same court is barred....

Although we have been unable to find any Arizona case which is directly on point, we have found authority from other jurisdictions to the effect that a finding of lack of personal jurisdiction serves to preclude raising the issue in another lawsuit. *Kendall v. Overseas Development Corp.*, 700 F.2d 536 (9th Cir.1983); *MIB, Inc. v. Supe-*

*rior Court of Los Angeles County,* 106 Cal.App.3d 228, 164 Cal.Rptr. 828 (1980); *Archie v. Piaggio & Co.,* 109 N.H. 162, 245 A.2d 76 (1968); *Swan v. Sargent Industries,* 620 P.2d 473 (Okla.App.1980); Restatement (Second) of Judgments § 27 (1980). See also *Springfield Credit Union v. Johnson,* 123 Ariz. 319, 599 P.2d 772 (1979). When an appropriate opportunity to be heard has been afforded to all interested parties, neither jurisdictional nor other questions can be relitigated by them. *Moore Drug Co. v. Schaneman,* 10 Ariz. App. 587, 461 P.2d 95 (1969).

We find the two cases cited by appellants, *Cochise Hotels v. Douglas Hotel Operating Co.,* 83 Ariz. 40, 316 P.2d 290 (1957) and *Newhall v. McGill,* 69 Ariz. 259, 212 P.2d 764 (1949), to be inapplicable to this case since they involved subject matter jurisdiction.

Appellants contended at oral argument for the first time in this case, that the second complaint specifically refers to conduct by appellees which occurred within six months prior to the date the complaint was filed and that these are new causes of action as to the tort allegations. We have not been furnished with a transcript of the arguments on the motion to dismiss, but the record contains no indication that this contention was raised below. We are unable to find sufficient facts in the affidavits submitted to support the claimed new causes of action. It is clear that appellants sought to establish jurisdiction in the second case by realleging matters that had previously been submitted. We find that appellants are collaterally estopped to do so.

### ATTORNEY'S FEES

Appellees sought attorney's fees under A.R.S. § 12–341.01(A) and (C). The court did not specify on which section it relied in awarding the attorney's fees. A.R.S. § 12–341.01(C) provides as follows:

> Reasonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim or defense consti-

tutes harassment, is groundless and not made in good faith. . . .

 We find sufficient evidence in the record to sustain an award of attorney's fees under this section. The filing of the second lawsuit only 42 days after the first lawsuit was dismissed, and the attempt to relitigate the same issues, together with the other circumstances involved, are matters that could properly be considered by the court. The court apportioned the attorney's fees between the parties on the claims. The granting of attorney's fees is discretionary, and, in reviewing the circumstances of this case, we cannot say that the trial court abused its discretion. We therefore affirm the attorney's fee award. The parties shall bear their own attorney's fees on appeal.

HATHAWAY, C.J., and HOWARD, P.J., concur.