NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ALAN SINGER, *Plaintiff/Appellant*,

*v.*

JONATHAN PALMER, aka JONATHAN JAMES PALMER, and
MONDEX CORPORATION, *Defendants/Appellees.*

No. 1 CA-CV 18-0707
FILED 10-24-2019

---

Appeal from the Superior Court in Mohave County
No. B8015CV201804044
The Honorable Charles W. Gurtler, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

---

COUNSEL

Alan Singer, Fort Mohave
*Plaintiff/Appellant*

The Mullan Law Firm, P.C., Bullhead City
By Anthony Joseph Mullan, Jr.
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

**C R U Z**, Judge:

**¶1**        Alan Singer appeals from the superior court's order granting the motion to dismiss in favor of Jonathan Palmer ("Palmer") and Mondex Corporation ("Mondex") for lack of personal jurisdiction and lack of service of process.  For the reasons that follow we affirm in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL HISTORY[1]

**¶2**        This appeal arises out of a contract between Mondex (incorporated in Ontario, Canada) and Judith Rottmann, on her own behalf, and on behalf of Mercury Terrain & Maison Inc. ("Mercury") (incorporated in Quebec, Canada).  The parties' contract noted that Mondex had information concerning assets that Mercury may be entitled to receive. Mondex agreed "to help recover these [a]ssets situated in the Province of Quebec, and possibly elsewhere, which were expropriated or otherwise misappropriated."

**¶3**        Singer, an Arizona resident and Mercury's consultant, was not originally a party to the contract.  Instead, Singer signed the contract as a witness and the contract provided that he would act on behalf of Rottmann "in the case of her incapacity."  Singer alleges that Mercury and Rottmann assigned their right to monetary damages against Mondex and Palmer to him, although the record is devoid of any proof of the assignment.

**¶4**        In March 2018, Singer filed a lawsuit against Mondex, *Alan Singer v. Mondex Corporation*, 1 CA-CV18-0346, 2019 WL 1961576 (Ariz. App. May 2, 2019) (mem. decision) ("*Mondex I*"), alleging the same tort and

---

[1]        A more detailed rendition of the facts is included in our memorandum decision issued in *Alan Singer v. Mondex Corporation*, 1 CA-CV18-0346, 2019 WL 1961576 (Ariz. App. May 2, 2019) (mem. decision).

contract theories he now alleges against Palmer and Mondex.[2]  The superior court dismissed the action against Mondex for lack of personal jurisdiction under Arizona Rule of Civil Procedure ("Rule") 12(b)(2).  We affirmed the superior court's dismissal in *Mondex I* because "Singer did not provide the superior court with enough facts to support Arizona's exercise of specific jurisdiction over a Canadian corporation that contracted with another Canadian corporation and its owner to locate assets in Canada."  1 CA-CV 18-0346, at *3, ¶ 13.  We held personal jurisdiction was lacking against Mondex.  *Id.* at *4, ¶ 17.

**¶5**　　　　Less than four months after the superior court's adverse decision in *Mondex I*, Singer filed this nearly identical lawsuit against Mondex, but this time including Palmer in his capacity as the "founder, former president, and the decision maker of Mondex."  Singer had become aware that Palmer was in the state giving a presentation at Scottsdale Community College located within the reservation of the Salt River Pima-Maricopa Indian Community ("Tribe").  Singer then employed a private process server, certified under the Arizona Rules of Civil Procedure, to serve process on Palmer and Mondex.  As planned, Palmer was served individually and purportedly on behalf of Mondex while on tribal land.

**¶6**　　　　Palmer and Mondex subsequently filed a motion to dismiss for lack of service of process and lack of personal jurisdiction under Rules 12(b)(2), (b)(5), and 4(g).  The superior court granted the same.  From this judgment Singer timely appeals.

**DISCUSSION**

**¶7**　　　　We review a superior court's grant of a motion to dismiss for abuse of discretion, but review questions of law *de novo*.  *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006).

I.　　　　Issue Preclusion and Personal Jurisdiction over Mondex[3]

**¶8**　　　　It is undisputed that in *Mondex I*, the lawsuit against defendant Mondex was dismissed for want of personal jurisdiction.  *See*

---

[2]　　　Singer now also alleges violations of the Fair Debt Collection Practices Act ("FDCPA") against Palmer and Mondex.  15 U.S.C. §§ 1692-1692p.

[3]　　　Although the claims against Palmer seem to arise out of Palmer's conduct in his capacity as a representative of Mondex, and personal

CA-CV 18-0346, at *4, ¶ 17. A review of the record in that case shows that Singer and Mondex submitted affidavits and argued the issue of whether Mondex, a Canadian entity, had sufficient minimum contacts with the State of Arizona so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

¶9 Singer appealed the superior court's determination that the minimum contacts requirement was not satisfied in *Mondex I*, and we affirmed. We denied Singer's subsequent motion for reconsideration, and his petition for review to the Arizona Supreme Court is currently pending consideration. The question is whether Singer may relitigate the same issue, although previously decided against him, against the same defendant simply by filing this new action.

¶10 Even though the instant lawsuit differs from the first in that Palmer is now also a named defendant and a violation of the FDCPA is alleged, insofar as the issue of personal jurisdiction against defendant Mondex is concerned, the action is improper. As this court has recognized, "a subsequent action by and against the same parties on the same cause in the same court is barred . . . ." *Tash v. Saunders*, 153 Ariz. 322, 325 (App. 1987) (quoting 46 Am. Jur. 2d *Judgments*, § 500 (1969)). "When an appropriate opportunity to be heard has been afforded to all interested parties, neither jurisdictional nor other questions can be relitigated by them." *Tash*, 153 Ariz. at 326; *see Moore Drug Co. v. Schaneman*, 10 Ariz. App. 587, 589 (1969). Accordingly, we will not revisit the issue of personal jurisdiction against Mondex. We affirm the court's order dismissing all claims against Mondex.

II.    Service of Process on Palmer, a Non-Indian, on a Reservation Within the State of Arizona

¶11 Singer argues that when a non-Indian defendant is served on a reservation within the State and the subject matter concerns off-reservation activities, service of process in compliance with the Arizona Rules of Civil Procedure is valid. We agree.

¶12 A reservation is "subject to [a state's territorial] jurisdiction, so that process may run there, however the Indians themselves may be exempt from that jurisdiction." *Langford v. Monteith*, 102 U.S. 145, 147

_____

jurisdiction over Palmer may be in question, this issue is not before us and we decline to address it.

(1880). For example, "service of process by the sheriff on a non-Indian within that part of the reservation within Arizona is valid," but that same service of process is invalid when the defendant is Indian and on his or her tribe's reservation. *State v. Zaman*, 194 Ariz. 442, 443, ¶¶ 2, 4 (1999). In Arizona, methods of service on Indian reservations, other than by the sheriff, are also authorized under Rule 4, including service by certified private process servers. *Dixon v. Picopa Constr. Co.*, 160 Ariz. 251, 259 (1989).

¶13            In this case, Palmer is a non-Indian and was served by a private process server certified under Rule 4. Relying on *Zaman*, the superior court found that service of process was insufficient because service on the Tribe's reservation must be executed by the sheriff or a person that is certified under the Rules of Civil Procedure for the Salt River Pima-Maricopa Community Court. But the argument that service of process upon a non-Indian while on tribal lands must comport with that tribe's rules of civil procedure was directly rejected in *Zaman*.[4] 194 Ariz. at 444, ¶ 14. That court reasoned that "[p]roceedings in the Superior Court of Arizona are governed by the Arizona Rules of Civil Procedure." *Id.* *Zaman*'s only pertinent requirement is that, when serving process on a non-Indian within tribal lands, the process server must be certified under the Arizona Rules of Civil Procedure. *Id.* Nor does *Zaman* vest the power to serve process under these circumstances exclusively upon the sheriff. *Id.* at 443, ¶ 4; *see also id.* at 445, ¶ 19 (Jones, J., concurring) ("It is not necessary in every case that civil litigants employ the county sheriff to serve process on non-Indians on tribal lands . . . . The Rules provide alternative means . . . .").

¶14            Because Singer employed a private process server certified under Rule 4(e) to serve process on Palmer, a non-Indian, the service of process on the Tribe's reservation was valid. *See Zaman*, 194 Ariz. at 444, ¶ 14; *see also Burnham v. Superior Court of Cal.*, 495 U.S. 604, 617-18 (1990). Accordingly, the superior court erred when it found that Singer's service of process on Palmer was insufficient, and we reverse that portion of the dismissal order.

---

[4]      We decline Singer's request that we take judicial notice of the Rules of Civil Procedure for the Salt River Pima-Maricopa Community Court because, although relevant to a lawsuit in tribal court, they are not pertinent to the analysis in this superior court matter. *See Zaman*, 194 Ariz. at 444, ¶ 14.

III.     Failure to Timely Object

**¶15**          Singer also argues that Palmer and Mondex conceded to personal jurisdiction by failing to make a timely, more precise, and specific objection on the issue of the validity of service of process on tribal lands. Because we hold that service of process on Palmer was valid and Singer is precluded from relitigating the issue of personal jurisdiction against Mondex, we need not decide this issue.

IV.     Attorneys' Fees

**¶16**          Palmer and Mondex request attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-341.01(A) and 12-349(A).  In the exercise of our discretion, we grant Mondex alone its reasonable attorneys' fees under A.R.S. § 12-349(A)(1) because Singer brought this subsequent action against Mondex without substantial justification, after the issue had been litigated, and while it is pending review by the Arizona Supreme Court.  As a prevailing party, Mondex is entitled to its taxable costs on compliance with ARCAP 21.

**CONCLUSION**

**¶17**          For the foregoing reasons, we affirm in part, and reverse and remand in part for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA