300 So.2d 510 (1974)
Bernard STEPHENS, Plaintiff and Appellant,
v.
JUSTISS-MEARS OIL COMPANY, Defendant and Appellee.
No. 4647.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1974.
Wm. Henry Sanders, Jena, for plaintiff and appellant.
Gaharan & Richey, by Leonard W. Richey, Jena, for defendant and appellee.
Before FRUGÉ, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
This is a tort action. Plaintiff was an employee of the defendant, Justiss-Mears Oil Company. He contends defendant wrongfully discharged him in retaliation for filing a workmen's compensation suit. On an exception of no cause of action, the district judge dismissed plaintiff's suit. Plaintiff appealed.
Plaintiff's petitions and attached documents show the following facts: In January of 1973, plaintiff was injured while *511 working as a laborer for the defendant, Justiss-Mears. On February 7, 1973, plaintiff filed suit against Justiss-Mears for workmen's compensation benefits for total and permanent disability. While his compensation suit was still pending, plaintiff applied to return to work for defendant. On furnishing the required medical forms, he started working for defendant on November 22, 1973. After working one-half day, plaintiff was discharged because of the pending compensation suit.
Plaintiff alleges that his discharge by defendant in retaliation for the pending suit for workmen's compensation benefits is against the public policy of this state, as established in our workmen's compensation act. In particular, plaintiff relies on LSA-R.S. 23:1033 which reads as follows:
"No contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided."
Plaintiff contends his retaliatory discharge is a "device", within the meaning of the quoted statute, to relieve the employer from liability for workmen's compensation. As such, plaintiff alleges his discharge is wrongful and actionable. He seeks damages in the total sum of $60,000.
Plaintiff relies on Frampton v. Central Indiana Gas Company, 297 N.E.2d 425 (Ind.1973). In that case, plaintiff alleged she was injured while working for the defendant and was paid workmen's compensation benefits for four months. She returned to work for defendant, but was unaware she had a claim for additional benefits. She worked for approximately 19 months before filing a claim for additional benefits for 30% loss in the use of her arm. Defendant settled the claim, but about one month later discharged plaintiff from her employment without giving a reason. Plaintiff then filed a tort action for damages, alleging her retaliatory discharge was wrongful as against public policy.
In Frampton, the Indiana Supreme Court states there are no other reported cases recognizing such a cause of action. Nevertheless, the court held:
"If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensationopting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation."
Without expressing an opinion as to the correctness of Frampton, it is apparent that case is distinguishable from the present matter on the facts. In Frampton, plaintiff filed her compensation claim while in defendant's employment. In the present case, plaintiff filed his compensation suit on February 7, 1973, which was nine months before his return to defendant's employment on November 22, 1973. Thus, the principal basis for the rationale of the Frampton case, i. e., the right of the employee to seek workmen's compensation without fear of being discharged from existing employment, is not present here.
An additional basis for factual distinction between Frampton and the present case is that here the employee has a pending suit against the employer for workmen's compensation for total and permanent disability. If plaintiff's compensation claim is justified, he is disabled from work. Yet, in the present action, plaintiff contends he is able to work and has an absolute right to remain in defendant's employment. The two claims, one of total disability to work and the other of an absolute right to work, appear to be inconsistent.
Under ordinary circumstances, an employer may hire and fire his employees at will. The Indiana Supreme Court recognized this rule in the Frampton case. We find the rule is applicable here.
*512 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.