CHARLES TUCH, APPELLANT, v. COLLEGE OF MEDICINE AND
DENTISTRY OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 16, 1980—Decided December 31, 1980.

Before Judges MICHELS, ARD and FURMAN.

*Stanley Marcus* argued the cause for appellant.

*Douglass L. Derry,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General, attorney; *Stephen Skillman,* Assistant Attorney General, of counsel).

PER CURIAM.

Appellant's employment as Manager of Building and Grounds for respondent was terminated after 12 years' service following a review procedure before respondent's Vice-President for Personnel Resources. He was charged with leaving his assignment without proper relief and with placing a master key in a nonsecure place. He was a managerial employee concededly without claim of tenure.

On appeal pursuant to *R.* 2:2–3(a)(2) appellant contends that he was entitled to an evidentiary hearing comporting with due process of law requirements prior to his termination. He relies on *Nicoletta v. North Jersey Dist. Water Supply Comm'n,* 77 *N.J.* 145 (1978), which held that a nontenured public employee had a right to a hearing prior to his discharge from employment, as a protection of his fundamental liberty to qualify for public employment. As the result of his discharge other public employment within the classified Civil Service would have been barred under then applicable *N.J.A.C.* 4:1--8.14.

*N.J.A.C.* 4:1–8.14 has been amended since *Nicoletta* to remove the automatic disqualification of a discharged public employee from other public employment. The regulation now provides for automatic disqualification only if the discharged public employee had an opportunity for a hearing. Clearly, appellant was not afforded an opportunity for a hearing comporting with due process of law requirements, that is, notice of the charges against him, an opportunity to be represented by counsel, to be informed of the adverse evidence, to confront adverse witnesses, to call witnesses and present evidence on his own behalf and to be provided with the other safeguards of procedural due process recognized in *Nicoletta, supra* at 162–166.

■ In view of the amendment to *N.J.A.C.* 4:1–8.14, *Nicoletta* is distinguishable and not controlling. Appellant did not suffer loss of a fundamental liberty; he is no longer barred from other governmental employment in this State. As an at will managerial employee he was subject to termination without cause and without an opportunity for a hearing, absent infringement of some other constitutionally protected interest such as freedom of speech, which appellant does not claim. *English v. College of Medicine and Dentistry of N.J.*, 73 *N.J.* 20, 23 (1977); *Zimmerman v. Newark, Bd. of Ed.*, 38 *N.J.* 65, 70 (1962), *cert.* den. 371 *U.S.* 956, 83 *S.Ct.* 508, 9 *L.Ed.*2d 502 (1963); *College of Medicine, N. J. v. Morrison*, 141 *N.J.Super.* 104 (App.Div. 1976).

■ Appellant also urges that respondent failed to follow its policy and procedure not to make an adverse managerial decision until reasonable steps had been taken to correct the difficulty, except in cases "of gross incompetence or gross misconduct which could result in damage to CMDNJ property, or which could threaten employee morale, patient care or employee or patient safety." The determination below that appellant was guilty of such gross incompetence or gross misconduct was not patently arbitrary, corrupt or illegal and should be sustained as a reasonable exercise of administrative discretion, *Flanagan v. Civil Service Dep't*, 29 *N.J.* 1, 12 (1959).

 Finally, appellant contends that his termination was an unduly harsh sanction in view of his 12 years' service without a prior disciplinary sanction. But this argument presumes a right to be terminated only for good cause, to which appellant as an at-will employee was not entitled.

We affirm.