HUDSON COUNTY BOARD OF CHOSEN FREEHOLDERS, PLAIN-TIFF-RESPONDENT, AND AARON I. SCHULMAN, PLAIN-TIFF-APPELLANT AND CROSS-RESPONDENT, v. EDWARD F. CLARK, JR., COUNTY EXECUTIVE OF THE COUNTY OF HUD-SON, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 4, 1985—Decided July 22, 1985.

Before Judges PRESSLER, BRODY and COHEN.

*Jay Hamill* argued the cause for appellant Aaron I. Schulman (*Keane, Brady & Hanlon,* attorneys; *Jay Hamill* of counsel and on the brief).

*Joseph V. Kealy, Jr.,* Acting Hudson County Counsel, argued the cause for respondent-cross-appellant Edward F. Clark, Jr.

*Charles M. Schimenti* argued the cause for respondent Hudson County Board of Chosen Freeholders.

The opinion of the court was delivered by

BRODY, J.A.D.

The main issue in this appeal is whether under the county executive plan of the Optional County Charter Law (the Charter Law), *N.J.S.A.* 40:41A–1 *et seq.,* the county executive can fire the county administrator free of the requirements of *N.J.S.A.* 40:41A–87b. (section 87b.). The trial court held, among other things, that the administrator was entitled to a section 87b. public hearing. We conclude that *N.J.S.A.* 40:41A–42, which empowers the executive to appoint an administrator "who shall serve at his pleasure," renders section 87b. inapplicable. We

therefore reverse that portion of the judgment and otherwise affirm.

The dispute was launched by a shift in political winds within the Democratic Party of Hudson County. The county operates under the county executive plan, *N.J.S.A.* 40:41A–31 to 44, which confers "administrative and executive" authority upon an elected county executive and "legislative and investigative" authority upon an elected board of freeholders (the board). *N.J.S.A.* 40:41A–32. The executive is required to "appoint an administrator who shall serve at his pleasure," *N.J.S.A.* 40:41A–42, and who "shall be responsible only to the executive." *N.J.S.A.* 40:41A–44.

A schism in the Democratic Party left the board in one camp and the executive, defendant Edward F. Clark, Jr., in the other. As a result, the normal cleft between the executive and legislative branches became a chasm. The administrator, plaintiff Aaron I. Schulman, sided with the board even though the Charter Law tied his allegiance to the executive. The situation became intolerable to the executive and he fired the administrator. The letter of dismissal reads as follows:

> Please be advised that your services as Hudson County Administrator are terminated effective immediately.

The administrator and the board brought this action to challenge the executive's authority to fire the administrator without cause and without affording him a public hearing.

■■ The trial judge held that though the firing was for purely political reasons the federal constitution afforded the administrator no protection because his political allegiance was relevant to the performance of his duties. *Elrod v. Burns,* 427 *U.S.* 347, 96 *S.Ct.* 2673, 49 *L.Ed.*2d 547 (1976). He held that there was no other constitutional impediment to the firing. *Battaglia v. Union County Welfare Bd.,* 88 *N.J.* 48 (1981). He further held that no prior agreement or county ordinance could deprive the executive of the authority given him by the Charter Law to fire the administrator without cause. We affirm these

holdings substantially for the reasons set out in the judge's oral opinion.

■ There remains the question of whether the Charter Law itself requires that the administrator be afforded a public hearing before his dismissal is final. *N.J.S.A.* 40:41A–42 (section 42) creates the office of administrator under the county executive plan. It provides:

> The county executive shall appoint an administrator who shall serve at his pleasure. The board shall advise and consent to his nomination but shall not prevent his suspension or dismissal by passage of a resolution of disapproval.

On its face, section 42 provides fully the method of appointment and dismissal of the administrator. Both the executive and the board must agree on the appointment but the executive alone can dismiss. Particularly pertinent to the issue before us, section 42 provides that the administrator shall serve at the pleasure of the executive. At common law a public official or employee who serves at his superior's pleasure may be dismissed by that superior at any time without cause and without notice or hearing. *Russell v. City of Raytown,* 544 *S.W.*2d 48, 51 (Mo.Ct.App.1976), app. dism. and *cert.* den., 434 *U.S.* 806, 98 *S.Ct.* 36, 54 *L.Ed.*2d 63 (1977); *Commonwealth ex rel. Houlahen v. Flynn,* 348 *Pa.* 101, 34 *A.*2d 59, 60 (1943). *See English v. College of Medicine and Dentistry of N.J.,* 73 *N.J.* 20, 23 (1977); 4 *McQuillin, Municipal Corporations* § 12.229b (3 ed.rev.1985).

■ The dispute arises because the provisions of section 42 conflict with the provisions of *N.J.S.A.* 40:41A–37c. (section 37c.), which define and limit a county executive's authority to remove any county official. Section 37c. provides that the county executive

> May, at his discretion, remove or suspend any official in the unclassified service of the county over whose office the county executive has power of appointment in accordance with the provisions of section 87b.

Section 87b. is a provision of the Charter Law that applies to all plans. It appears under the heading "Relations Between the Legislative and Executive Branches." It offers a dismissed or suspended officer or employee "a public hearing on his dismis-

sal or suspension" and empowers the board to veto the action either before or after the hearing.[1]  Section 42, which deals specifically with the administrator, conflicts with the provision in section 87b. that authorizes the board to veto the executive's dismissal of county officers and employees generally.  "When there is a conflict between a general and a specific act on the same subject, the latter shall prevail."  *W. Kingsley v. Wes Outdoor Advertising Co.*, 55 *N.J.* 336, 339 (1970).  Section 42 therefore deprives the board of its authority under section 87b. to veto the dismissal of the administrator.

It is less clear that the provision of section 42 stating that the administrator serves at the pleasure of the executive conflicts

---

[1] *N.J.S.A.* 40:41A–87b. provides:

> Suspensions will take effect immediately upon personal service of notice setting forth the order of suspension or dismissal.  Dismissal or suspension for a definite term shall occur automatically in 30 calendar days from receipt of notice.  But, if the officer or employee requests a public hearing on his dismissal or suspension for a definite term, no action beyond temporary suspension may be taken until the individual to be suspended or dismissed is given a public hearing not less than 15 nor more than 30 days after personal service of written notice of contemplated action.  A copy of such notice shall be filed with the clerk to the board of freeholders immediately upon service of notice to the individual to be suspended or dismissed.  In the event that within 35 days of receiving such notice, the board shall pass by a two-thirds vote of the whole number of the board, a resolution of disapproval, all proceedings and any suspension or dismissal of the individual shall be voided.  In terms of recompense to the individual, a vote of disapproval shall be deemed to negative the suspension or dismissal order and for purposes of pay and civil service standing the action shall be deemed never to have transpired.
>
> If, however, the suspension or dismissal order shall allege that the individual against whom action is contemplated or pending has committed a criminal act in the conduct of his public trust, no resolution of the board shall stay proceedings and the matter shall be brought to a public hearing in the manner prescribed above.  If at that hearing probable cause for prosecution is found, all evidence shall immediately be forwarded to the county prosecutor for further action.
>
> If any suspension or dismissal order is resolved upon hearing in favor of the officer or employee, he shall be restored to his original position without record of the action, or prejudice therefrom, and shall receive full compensation retroactive to the date of his suspension.

with the provision of section 87b. that entitles officers and employees generally to a public hearing before their dismissal becomes final. The Legislature may have intended to modify the common law by affording the administrator a hearing despite the executive's otherwise unfettered authority to dismiss him. The trial judge so held, suggesting that the Legislature may have intended that a hearing in such a case would give the executive an opportunity to reconsider what might have been a "hasty and possibly ill-conceived action" in light of the facts presented at the hearing. The judge also thought that the Legislature may have intended the hearing to be a public forum at which the administrator would have an opportunity to dispel any inference that his dismissal was based on bad conduct.

Reading the Charter Law as a whole, we come to a different conclusion. The sections relating to the county executive plan provide only two instances where an appointee is required to serve "at the pleasure" of the authority whom he serves: the administrator (*N.J.S.A.* 40:41A–42) and the counsel to the board (*N.J.S.A.* 40:41A–41d.).[2] These officers' duties require that each be simpatico with the authority he serves. Under *N.J.S.A.* 40:41A–44 the administrator is "responsible only to the executive" and must perform "whatever supervisory or administrative duties the executive deems necessary and proper." The prospect of a formal airing of their differences at a public hearing would inhibit the mutual sense of confidentiality that is necessary to assure the working relationship contemplated by the Charter Law.

■ We further conclude that the Legislature did not intend to fragment the application of section 87b. by requiring that a dismissed officer or employee be given a public hearing even though the board is powerless to veto the dismissal. By

---

2 A county may choose whether the clerk to the board shall serve at the board's pleasure or for a fixed term. *N.J.S.A.* 40:41A–41c.

placing section 87b. under the heading "Relations Between the Legislative and Executive Branches" the Legislature has expressed its intention that the primary purpose of a section 87b. public hearing is to enable the board to have all the facts necessary to decide whether to exercise its veto over the executive's action, not to afford direct personal protection to the dismissed individual. Section 87b. contains only one provision that expressly contemplates a public hearing without regard to action by the board: "If the officer or employee is alleged to have committed a criminal act in the conduct of his public trust" the hearing must go forward even though the board adopts a resolution to stay the proceedings.

We hold that the provision of *N.J.S.A.* 40:41A–87b. that entitles officers and employees generally to a public hearing before their dismissal by the executive is final, does not apply in the case of the dismissal of an administrator who serves at the executive's pleasure under *N.J.S.A.* 40:41A–42.

The portion of the judgment ordering a public hearing is reversed. The judgment is otherwise affirmed.