208 N.J. Super. 503 (1986)
506 A.2d 379
JOSEPH A. ALEXANDER, PLAINTIFF-APPELLANT,
v.
KAY FINLAY JEWELERS, INC., DEFENDANT-RESPONDENT, AND ESTATE OF MORRIS NUSSBAUM, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 11, 1985.
Decided March 10, 1986.
*505 Before Judges FRITZ, GAYNOR and BAIME.
Patella & Plaia, attorneys for appellant (Christopher L. Patella, of counsel and on the brief).
Carpenter, Bennett & Morrissey, attorneys for respondent (John E. Keale, of counsel; Thomas F. McGuane, on the brief).
The opinion of the court was delivered by GAYNOR, J.A.D.
In this case, plaintiff seeks to extend the Pierce[1] doctrine to a dismissal of an at-will employee concededly due to the commencement of a civil action by the employee against the employer as a means of resolving a salary dispute. We agree with the trial judge's conclusion that the termination of employment under such circumstances does not violate a clear mandate of public policy and affirm the summary dismissal of the complaint.
Following discussions between plaintiff and Morris Nussbaum, the sole stockholder of Kay Finlay Jewelers, Inc. (Finlay) concerning terms of employment, plaintiff was hired as controller of the company. Initially, plaintiff had been offered a starting salary of $25,000 a year. This was not satisfactory to plaintiff who had countered with a proposal of $600 per week which had been accepted by Nussbaum. The first weekly pay check received by plaintiff was for a gross amount of $600. However, the subsequent weekly salary payments were in the gross amount of $576.92, which computed out to a $30,000 annual gross salary. Plaintiff objected to what he considered to be a unilateral change in one of the agreed upon terms of his employment and sought to resolve the matter with Nussbaum. As Nussbaum indicated he understood the salary agreement to have been $30,000 a year payable in weekly installments, the disagreement was not resolvable by discussion. Plaintiff thereupon *506 commenced an action in the Hudson County District Court against the company and Nussbaum to recover the sum of $577, the accumulated difference between $600 and the weekly payments of $576.92. Prior to the trial date, plaintiff received a check for the claimed amount and his employment with the company was thereupon terminated.
Plaintiff contends the summary dismissal of his complaint for failure to state a cause of action was improper. He asserts his discharge was contrary to public policy as being retaliatory for his filing of the civil action to recover the balance of salary allegedly due under the preemployment agreement. He likens his complaint to that sanctioned in Lally v. Copygraphics, 173 N.J. Super. 162 (App.Div. 1980), aff'd 85 N.J. 668 (1981) for the retaliatory discharge of an at-will employee because of his prosecution of a workers' compensation claim against the employer. Finlay disputes the claim that plaintiff's firing was violative of any public policy.[2]
A limitation on the common law rule permitting the discharge of at-will employees with or without cause was fashioned by the Supreme Court in Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980) by its pronouncement
that an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy. The sources of public policy include legislation; administrative rules, regulations or decisions; and judicial decisions. [Id. at 72.]
In Lally v. Copygraphics, supra, it was determined that a retaliatory discharge because of the employee's pursuit of workers' compensation benefits was contrary to the public policy as embodied in N.J.S.A. 34:15-39.1 et seq. There, we concurred with decisions in other jurisdictions which considered such a discharge to be "in contravention of an employee's exercise of a statutorily created right ... [and] an exception to the general rule permitting at-will discharge of an employee *507 unprotected by contract or tenure job rights." 173 N.J. Super. at 171.
Furthermore, we recognize that any application of the common law employee-at-will rule must be tested by its legitimacy in the context of the present day interests of the employee as well as the employer. See Woolley v. Hoffman-La Roche, Inc., 99 N.J. 284 (1985). However, these interests, as well as those of the public, must be balanced in considering whether a claim of wrongful discharge sets forth a viable cause of action. As observed in Pierce v. Ortho Pharmaceutical Corp.:
In recognizing a cause of action to provide a remedy for employees who are wrongfully discharged, we must balance the interests of the employee, the employer, and the public. Employees have an interest in knowing they will not be discharged for exercising their legal rights. Employers have an interest in knowing they can run their businesses as they see fit as long as their conduct is consistent with public policy. The public has an interest in employment stability and in discouraging frivolous lawsuits by dissatisfied employees. [84 N.J. at 71.]
While plaintiff had a legal right to sue his employer for monies considered to be due him as salary, there can be no question that the company also had a compelling interest to operate its business without the harassment of suits by employees dissatisfied with their wages or disgruntled because of a reduction in their salary. As the trial judge pointed out in granting defendant's summary judgment motion, plaintiff's continued employment at the reduced salary could subject the company to future suits by plaintiff in asserting claims to what he considered to be his rightful salary. It is evident to us that such an adversarial attitude between an employee and employer could be inimical to the operation of the company and that imposing any limitation upon the firing of a discontented employee would severely impact upon the employer's right to discharge those whose conduct could be harmful to the employer's business. Under these circumstances a balancing of the competing interests favors the employer.
Moreover, in our view defendant's termination of plaintiff's employment did not violate any clear mandate of public policy. *508 There is no statutory or regulatory proscription against a firing in retaliation for the institution of a civil action against the employer as a means of resolving a salary dispute. Defendant's discharge of plaintiff was not in contravention of his exercise of a statutorily created right as in Lally v. Copygraphics, supra. Nor, was it because of his refusal to perform any duties violative of public policy. See Pierce v. Ortho Pharmaceutical Corp., supra. Rather, the dispute giving rise to the termination of plaintiff's employment involved a matter having no significance beyond the private interests of plaintiff and defendant.
We therefore affirm the judgment dated January 8, 1985 dismissing the complaint for failure to state a cause of action.
NOTES
[1] Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980).
[2] The count against the Estate of Morris Nussbaum was dismissed on a showing that Morris Nussbaum had acted as the agent of the company.